**ZENO B. BAUCUS**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, Montana 59101
Phone:   (406) 657-6101
Fax:       (406) 657-6989
Email:    zeno.baucus@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **WILLIAM RAY FINTZEL II,**  Defendant. | CR 17-71-BLG-SPW  **OFFER OF PROOF** |

The defendant, William Ray Fintzel, has filed a motion to change his plea to guilty to the charges contained in the Indictment, charging him in count I with Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); and in count II with Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A).

The offense contained in count I carries a penalty of ten years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

The offense contained in count II carries a mandatory minimum penalty of five years to life imprisonment, consecutive to any other sentence, a $250,000 fine, five years of supervised release, and a $100 special assessment.

There is no plea agreement.   The defendant will plead guilty to the indictment.   Resolution of the case without a plea agreement is the most favorable resolution for the defendant.   *See Missouri v. Frye,* 566 U.S. 134, 145-46 (2012).

*Elements.*   In order to prove the case against the defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

Unlawful Possession of a Firearm (18 U.S.C. § 922(g)(1)) – Count I:

First, the defendant knowingly possessed the firearm or ammunition as charged;

Second, at the time he possessed the firearm or ammunition the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Third, the firearm or ammunition was shipped in interstate or foreign commerce.

Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)) – Count II:

First, the defendant committed the elements of possession with intent to distribute methamphetamine, prosecutable in federal court;

Second, the defendant knowingly possessed a firearm; and

Third, the defendant possessed the firearm in furtherance of the defendant's drug trafficking crime

*Proof.* If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of witnesses and documentary evidence, the following:

1. In early February 2015, an individual approached law enforcement with the Dawson's County Sheriff's Office to discuss recent methamphetamine distribution in the Wibaux-area, including Glendive. This individual stated that the defendant was distributing methamphetamine from an apartment across the street from the Sheriff's office in Wibaux.

2. Also in February 2015, law enforcement interviewed a second individual. This individual informed law enforcement about an apartment across the street from the Sheriff's Office in Wibaux that

was distributing methamphetamine.   This individual identified the defendant and another person.

3. On February 24, 2015, law enforcement confirmed that the defendant lived in that apartment. On February 27, 2015, law enforcement executed a search warrant at the residence and the defendant was home alone.   During the execution of the search warrant, the defendant agreed to be interviewed and stated that he had been distributing methamphetamine and marijuana from his apartment.

4. During the search of the apartment, a Benelli, model Nova, 12-guage pump action shotgun (S/N Z090025) was discovered. The defendant was questioned about the firearm and responded that he had taken it from an individual as "collateral" for some marijuana that defendant had fronted to that individual   Law enforcement also discovered numerous boxes of shotgun shells and empty boxes of shotgun shells. The defendant informed law enforcement that he moved the firearm to a closet and that is why it took him so long to answer the door when law enforcement arrived.    When it was discovered, the shotgun was loaded and there was a shell in the chamber.

5. Also discovered during the search was a zip lock baggie containing suspected methamphetamine. The defendant was asked what was in the baggie and he confirmed it contained methamphetamine. Also discovered during the search were the following items:

- Digital scale and zip lock baggie containing marijuana
- Mirror with suspected residence of methamphetamine
- A tube for smoking meth and marijuana

6. On February 3, 2017, an interstate nexus was performed on the firearm and it was found to have been made outside the state of Montana. The defendant has, among other convictions, a 1999 felony California state conviction for vehicle theft, and a 2001 conviction for burglary.

DATED this 6th day of June, 2018.

               KURT G. ALME
               United States Attorney

               */s/ Zeno B. Baucus*
               ZENO B. BAUCUS
               Assistant United States Attorney